UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MATTHEW RIVERS** | **CIVIL ACTION NO. 23-1344** |
| **VS.** | **SECTION P** |
| | **JUDGE TERRY A. DOUGHTY** |
| **ALAN KUPP, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Matthew Rivers, a prisoner at Richland Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately September 26, 2023, under 42 U.S.C. § 1983. He names the following defendants: Warden Alan Kupp, Warden Tyler Wade, Assistant Warden Frank Dear, and Assistant Warden Kilee Miller.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims he "was denied the right to go to [his] mother's funeral" in October 2022. [doc. # 1, p. 3]. Warden Wade allegedly told him that he could not attend because of a COVID restriction. [doc. # 10, p. 2]. Plaintiff, however, claims that defendants violated his right to equal protection when they allowed a different male inmate, who is "white," to attend a funeral in July 2023. [doc. # 1, p. 3]. Plaintiff states, "If I was white I probably would [have] been able to go . . . to my mother's funeral." [doc. # 10, p. 4].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff also claims that defendants violated due process and "D.O.C. rules"[2] in refusing his request to attend the funeral. [doc. # 10, pp. 1-2]. Plaintiff states that his "mental anguish is at an all-time low[,]" he is still grieving, and he is depressed. *Id.* at 1, 6.

Plaintiff claims that Warden Kilee Miller told him that "his immediate family can come have a special visit one time[,]" but Plaintiff never received a "contact/special visit" with his wife. [doc. # 10, p. 4].

Plaintiff claims that Warden Alan Kupp allowed Defendants Miller and Wade to violate Plaintiff's rights. [doc. # 10, p. 5].

Plaintiff seeks punitive damages, equal protection for all other inmates, and $1,000,000.00 in compensation for mental anguish. [doc. # 1, p. 4].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks

---

[2] Presumably by "D.O.C." Plaintiff refers to the Louisiana Department of Public Safety and Corrections.

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not

satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Violation of D.O.C. Rules**

Plaintiff claims that defendants violated "D.O.C. rules" in refusing his request to attend the funeral. [doc. # 10, pp. 1-2].

4

"[T]he failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation." *Moreno v. Bunton*, 193 F.3d 518 (5th Cir. 1999); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("The [LDPSC] and [Corrections Corporation of America] internal rules and regulations do not alone create federally-protected rights and a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right.") (internal footnotes removed).

Here, to the extent Plaintiff seeks relief for alleged violations of "D.O.C. rules," he does not state a plausible claim. Accordingly, the Court should dismiss this claim.

**3. Due Process**

Plaintiff claims that defendants violated due process in refusing his request to attend the funeral. [doc. # 10, pp. 1-2].

Plaintiff, however, does not have a constitutional right to a furlough[4] or temporary release to attend a funeral. *See Frith v. OAS/N. Jails*, 2011 WL 1898487, at *11 (W.D. La. May 6, 2011), *report and recommendation adopted,* 2011 WL 1898303 (W.D. La. May 18, 2011) ("To the extent that plaintiff claims that he is entitled to judgment simply because he was not allowed to attend his father's funeral, he fails to state a claim for which relief may be granted because he cannot establish the existence of a constitutional right."); *Hagins v. Keese*, 35 F.3d 561 (5th Cir. 1994) (holding, where an inmate alleged that defendant's actions precluded her from a furlough while in prison, that the plaintiff did not "possess a protected liberty interest in furlough" and that consequently there was "no due process violation[.]"); *Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015) (observing that an inmate's inability to receive a furlough "did not trigger a

---

[4] FURLOUGH, Black's Law Dictionary (11th ed. 2019) ("A brief release from prison.").

liberty interest."); *Moore v. Taylor*, 986 F.2d 1428 (10th Cir. 1993); *Rathers v. Raney*, 238 F.3d 423 (6th Cir. 2000).[5]

The Court should dismiss these claims.

**4. Equal Protection**

Plaintiff claims that defendants violated his right to equal protection when they allowed a different male inmate, who is "white," to attend a funeral in July 2023. [doc. # 1, p. 3]. Plaintiff states, "If I was white I probably would [have] been able to go . . . to my mother's funeral." [doc. # 10, p. 4].

To establish an equal protection claim, a plaintiff must allege that defendants treated "two or more classifications of similarly situated persons" differently.[6] *Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 353 (5th Cir. 2017) (*quoting Gallegos–Hernandez v. U.S.*, 688 F.3d 190, 195 (5th Cir. 2012)). "Once that threshold element is established, the court then determines the appropriate level of scrutiny to apply." *Id.* "Strict scrutiny is required if the [] classification operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution." *Id.* at 354 (*quoting Richard v. Hinson*, 70 F.3d 415, 417 (5th Cir. 1995)). "If neither a suspect class nor a fundamental right is implicated, the classification need only bear a rational relation to a legitimate governmental purpose." *Id.*

---

[5] *See also Pierre v. LCS Corr. Servs., Inc.*, 2010 WL 5559754, at *5 (W.D. La. Oct. 20, 2010), report and recommendation adopted, 2011 WL 70614 (W.D. La. Jan. 10, 2011) (citing cases); *Verrone v. Jacobson,* 1999 WL 163197, at *5 (S.D.N.Y. 1999); *Butler v. Snyder,* 106 F. Supp. 2d 589 (D. Del. 2000); *Mercer v. Green Haven Correctional Facility,* 1998 WL 85734 (S.D.N.Y. 1998).

[6] "[T]here is no precise formula to determine whether an individual is similarly situated to comparators." *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 233 (5th Cir. 2012) (internal quotation marks and quoted source omitted). "The inquiry is case-specific and requires [courts] to consider the full variety of factors that an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision." *Id.*

"Under rational basis review, differential treatment must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Hines v. Aldredge*, 783 F.3d 197, 202-03 (5th Cir. 2015) (internal quotation marks omitted) (*quoting Madriz–Alvarado v. Ashcroft*, 383 F.3d 321, 332 (5th Cir. 2004)).

Here, Plaintiff does not plausibly allege that the other inmate was similarly situated. At best, he presents one comparator who was allowed to attend a funeral on a different date. But he does not, for instance, explain whether the other inmate was housed in the same location, had a similar conviction or sentence, submitted a furlough plan, was in compliance with the department's standards, sought to attend a funeral at a similar destination (for example, in or out of the state) or for a similar length of time, or shared his status in the facility (for instance, trustee vs. non-trustee), his work history, his affiliations (if any), his criminal history, his behavioral history, his institutional history, or any other factors that prison officials, in their discretion, could consider in rendering a decision under, for example, LA. REV. STAT. §§ 15:811, 15:833.[7, 8]

---

[7] Under LA. REV. STAT. § 15:811(A)(B)-(E), a "sheriff or administrator" has discretion to authorize temporary release for the death of an inmate's family, but only if the "inmate is in compliance with the Department of Public Safety and Corrections standards for such a furlough" and only if the inmate has an eligible conviction. Similarly, under LA. REV. STAT § 15:833(B)(1)-(2), the secretary of the Department of Public Safety and Corrections may "authorize furloughs to deserving inmates" who submit furlough plans which include qualifying information such as the purpose, length, and destination of the furlough.

[8] *See Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D. Pa.), aff'd, 696 F.2d 985 (3d Cir. 1982) ("[N]o two prisoners, being different human beings, will possess identical backgrounds and characters. Indeed, it is difficult to believe that any two prisoners could ever be considered 'similarly situated' for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics."); *Stevenson v. Louisiana Board of Parole*, 265 F.3d 1060 (5th Cir. 2001) ("Although [the plaintiff] asserts that the other prisoners who were eligible . . . were similarly situated to him, Stevenson has not demonstrated that their criminal records and offenses were sufficiently similar to his circumstances . . . [and it] is also obvious that the discretionary

The Court should dismiss this claim.

**5. Visitation**

Plaintiff claims for the first time in an amended pleading that Warden Kilee Miller told him that "his immediate family can come have a special visit one time[,]" yet he never received a "contact/special visit" with his wife. [doc. # 10, p. 4].

To the extent that by "contact/special visit," Plaintiff claims he was denied a conjugal visit, "[f]ailure to permit conjugal visits does not deny an inmate a federal constitutional right." *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir. 1975); *see McKnight v. Johnson*, 277 F.3d 1373 (5th Cir. 2001) ("[W]e have upheld the constitutionality of bans on conjugal visits between an inmate and his spouse[.] . . . and incarcerated persons . . . maintain no right to simple physical association-with their parents or with anyone else-grounded in the first amendment.").

To the extent Plaintiff claims he was denied another form of visitation with his wife, he also fails to plead a plausible constitutional violation. "The denial of a single visit does not give rise to a constitutional violation." *Charles v. Nance*, 186 F. App'x 494 (5th Cir. 2006); *see Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) ("[F]or convicted prisoners '[v]isitation privileges are a matter subject to the discretion of prison officials.'") (*quoting McCray v. Sullivan,* 509 F.2d 1332, 1334 (5th Cir.1975)); *Zamora v. Thaler*, 407 F. App'x 802, 802 (5th Cir. 2011) ("Punishments such as restrictions on visitation do not implicate due-process concerns."); *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979), *on reh'g,* 636 F.2d 1364 (5th Cir. 1981) ("While

---

decision to grant parole must be made on a case-by-case basis based on the unique circumstances of each prisoner."); *Hernandez v. Velasquez*, 522 F.3d 556, 563 (5th Cir. 2008) (noting that prison officials may use segregated confinement "simply because the prison has no other space, wishes to protect some prisoners from others, wishes to keep prisoners isolated from one another in order to minimize the risk of riots or other disturbances, wishes to prevent the spread of disease, and so forth.") (*quoting Wagner v. Hanks,* 128 F.3d 1173, 1176 (7th Cir. 1997)).

penal institutions allow visitation rights in some form or another, convicted criminals do not have a constitutional right to such visitation . . . .") (overruled on other grounds).

Accordingly, the Court should dismiss this claim.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Matthew Rivers's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 21st day of February, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge